**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MISSOURI**
**EASTERN DIVISION**

| | | |
|---|---|---|
| STERLING INSURANCE AGENCY, LLC, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 4:26-cv-00282-JAR |
| | ) | |
| NEIL PULLUM, et. al., | ) | |
| | ) | |
| | ) | |
| Defendants. | ) | |

## MEMORANDUM AND ORDER

This matter is before the Court on Plaintiff Sterling Insurance Agency, LLC's motion to compel and motion to expedite. ECF Nos. 59 & 60. Defendants have not yet filed oppositions to either motion. Nevertheless, the motions present pressing issues on which the Court has sufficient information to proceed to a ruling. For the reasons set forth below, the Court will therefore grant both motions.

### Motion to Expedite

"A district court has broad discretion in establishing and enforcing [] deadlines." *Petrone v. Werner Enters., Inc.*, 940 F.3d 425, 434 (8th Cir. 2019) (quotation omitted). However, a scheduling order "may be modified only for good cause and with the judge's consent." FED. R. CIV. P. 16(b)(4). "To establish good cause, a party must show its diligence in attempting to meet the progression order." *Petrone*, 940 F.3d at 434 (quotation omitted).

Plaintiff seeks an expedited ruling on its request that its December 1, 2026 expert deadline be vacated and the parties directed to submit a proposed scheduling order. ECF No. 60. Plaintiff asserts that it is unable to meet the deadline due to Defendant Pullum Crop Insurance Agency, LLC's ("Pullum Crop") failure to timely respond to written discovery, as well as Defendants

Pullum Crop and Neil Pullum's ("Pullum Defendants") failure to propose collection dates for the forensic inspection. *Id.* at 1-2. Plaintiff states that the impending deadline does not allow for an ordinary briefing schedule and that the Pullum Defendants' counsel previously acknowledged in correspondence the likely need for amended deadlines due to the addition of new claims and parties. *Id.* at 2.

The Court finds that there is good cause to vacate the December 1, 2026 expert deadline, given the Plaintiff's diligence in seeking discovery coupled with the Pullum Defendants' delayed compliance with their discovery obligations. The Court also agrees that an amended scheduling order is appropriate given the recent addition of new claims and parties in this matter. The Court will therefore direct that the December 1, 2026 expert deadline be vacated and direct the parties to submit a proposed scheduling order within fourteen (14) days of the date of this order.

**Motion to Compel**

Federal Rule of Civil Procedure 37(a) governs motions to compel discovery responses. Rule 37(a)(3)(B) provides that a party seeking discovery may move to compel when another party has failed to produce documents requested under Rule 34, failed to answer interrogatories under Rule 33, or failed to permit inspection as requested under Rule 34. FED. R. CIV. P. 37(a)(3)(B)(iii)–(iv). A district court has considerable discretion in handling pretrial discovery. *Chavis Van & Storage of Myrtle Beach, Inc. v. United Van Lines, LLC*, 784 F.3d 1183, 1198 (8th Cir. 2015).

Plaintiff asserts that Defendant Pullum Crop failed to timely respond to Plaintiff's Second Set of Interrogatories and Second Requests for Production, which were propounded on October 20, 2026. ECF Nos. 59 at 2 & 59-1. Plaintiff further states that its economist expert is unable to finalize opinions without the information sought from Defendant Pullum Crop. ECF No. 59 at 2. Additionally, Plaintiff asserts that the Pullum Defendants have agreed upon a forensic inspection

protocol but failed to propose dates for collection. *Id.* at 2-3. Though there is a disagreement regarding the temporal scope of the collection, Plaintiff argues that the issue need not be resolved at this time, as it would be more efficient for the collection to proceed without temporal limitation, after which there will be time for review and further conferral. *Id.* at 3-4.

The Court has previously held a conference with counsel for Plaintiff and the Pullum Defendants regarding discovery issues, and the parties have kept the Court apprised of the negotiation of the forensic inspection protocol throughout this matter. In light of the circumstances and the email communications provided by Plaintiff in its motion, the Court will grant the motion to compel. Defendant Pullum Crop will be directed to provide full and complete responses to Plaintiff's Second Set of Interrogatories and Second Requests for Production within ten (10) days of this order; the Pullum Defendants will be directed to proceed with the forensic inspection without temporal limitation and to propose dates so that collection can occur within thirty (30) days of this order.

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff's motion to expedite (ECF No. 60) is **GRANTED**. The December 1, 2026 expert deadline is vacated, and the parties are directed to submit a proposed scheduling order within fourteen (14) days of the date of this order.

**IT IS FURTHER ORDERED** that Plaintiff's motion to compel (ECF No. 59) is **GRANTED**. Defendant Pullum Crop is directed to provide full and complete responses to Plaintiff's Second Set of Interrogatories and Second Requests for Production within ten (10) days of this order; the Pullum Defendants are directed to proceed with the forensic inspection without temporal limitation and to propose dates so that collection can occur within thirty (30) days of the date of this order.

Dated this 23rd day of November, 2026.

JOHN A. ROSS
UNITED STATES DISTRICT JUDGE